# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS PEORIA DIVISION

| | |
|---|---|
| Sade Smith, <br><br> Plaintiff, <br> v. <br><br> Tower Loan of Illinois, LLC; and TransUnion, LLC, <br><br> Defendants. | Case No.: 1:22-cv-1038 <br><br> **COMPLAINT** |

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in McLean County, Illinois and Defendants do business in Illinois.

4. Personal Jurisdiction exists over Defendants as Plaintiff resides in Illinois, Defendants have the necessary minimum contacts with the state of Illinois, and this suit arises out of specific conduct with Plaintiff with Illinois.

## PARTIES

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of McLean, Illinois.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Tower Loan of Illinois, LLC ("Tower Loans") exists and operates under the laws of the State of Illinois and has a registered agent with an address of CT Corporation System, 208 So. Lasalle St. Ste. 814, Chicago, IL 60604.

8. Defendant TransUnion, LLC ("Transunion") is a limited liability company existing and operating under the laws of the State of Illinois that engages in the business of maintaining and reporting consumer credit information.

9. Transunion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Illinois of Illinois Corporation Service C, 801 Adlai Stevenson Dr. Springfield, IL 62703.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Tower Loan and Transunion (collectively "Defendants"), and has suffered particularized and concrete harm.

11.  Transunion is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

12.  The CRA's primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

13.  Transunion has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14.  Plaintiff discovered Defendant Tower Loan was erroneously reporting an account ("Account") with a balance due on Plaintiff's Transunion consumer report.

15.  Plaintiff settled the Account in full with World Finance, who purchased Plaintiff's Account from Tower Loan, and no balance is currently due and owing.

16.  Despite selling the Account to World Finance, and Plaintiff's complete pay off on the Account, Tower Loan continued to report a balance due on the Account.

17.  Transunion published the false information regarding Plaintiff to third parties.

18. The false information regarding the Account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## WRITTEN DISPUTE

19. After discovering the inaccurate information on Plaintiff's Transunion report, Plaintiff sent a written dispute letter to Transunion ("Dispute Letter"), disputing the inaccurate information regarding the Tower Loan account reporting on Plaintiff's consumer report.

20. Upon information and belief, Transunion forwarded Plaintiff's Dispute to Tower Loan for reinvestigation.

21. Upon information and belief, Tower Loan received notification of Plaintiff's Dispute from Transunion.

22. Upon information and belief, Tower Loan verified the erroneous information associated with the Account to Transunion.

23. Tower Loan failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

24. Transunion failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Upon information and belief, Tower Loan failed to instruct Transunion to remove the false information reporting on Plaintiff's consumer report.

26. Transunion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

27. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

28. Transunion relied on their own judgment and the information provided to them by Tower Loans, rather than grant credence to the information provided by Plaintiff.

## Count I – TOWER LOAN

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

29. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

30. After receiving the Dispute Letter, Tower Loan failed to correct the false information regarding the Tower Loan account reporting on Plaintiff's consumer report.

31. Tower Loan violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute Letter; by failing to review all relevant information regarding Plaintiff's Dispute Letter; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

32. As a result of this conduct, action, and inaction of Tower Loan, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

33. The conduct, action, and inaction of Tower Loan was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

34. In the alternative, Tower Loan was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

35. Plaintiff is entitled to recover costs and attorneys' fees from Tower Loan pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

36. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

37. After receiving the Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

38. Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

39. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. The conduct, action, and inaction of Transunion was willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

41. In the alternative, Transunion was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

43. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

44. After receiving the Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

45. Transunion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

46. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and

usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. The conduct, action, and inaction of Transunion was willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

48. In the alternative, Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: February 9, 2022

        */s/ Joseph Panvini*
        Joseph Panvini, Esq.
        MCCARTHY LAW, PLC
        4250 North Drinkwater Blvd, Suite 320
        Scottsdale, AZ  85251
        Telephone: (602) 456-8900
        Fax: (602) 218-4447
        Email: joe.panvini@mccarthylawyer.com
        Attorney for Plaintiff